NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-84

COMMONWEALTH

vs.

JAMES I. WILSON.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

On July 17, 2020, following a probation final surrender

hearing, a District Court judge found that the defendant had

violated the conditions of his probation, revoked the

defendant's probation, and imposed a nine-month committed

sentence.[2]  The defendant now appeals from the orders denying his

motion to withdraw his admission to sufficient facts to the

crime for which he was placed on probation, his motion to amend

_____

[1] Also known as James Lyons and Jamie Lyons.

[2] The defendant was charged with and admitted to sufficient facts for the offense of assault and battery with a dangerous weapon in violation of G. L. c. 265, § 15A (b).  On March 12, 2020, the District Court judge continued the case without a finding for one year with probationary conditions.

his motion to withdraw his admission to sufficient facts, and his motion for the court activity record information (CARI) of the victim in the underlying offense, all of which were denied by the same admission and probation revocation judge. The defendant contends that plea counsel labored under a conflict of interest in his representation of the defendant because plea counsel had previously represented the victim in a criminal matter some years earlier. The defendant also contends that he received ineffective assistance of counsel because his attorney inadequately investigated how the defendant's posttraumatic stress disorder (PTSD) diagnosis related to his self-defense claim nor advised him accordingly. We affirm.

Discussion. "A motion to withdraw a guilty plea is treated as a motion for a new trial pursuant to Mass. R. Crim. P. 30 (b) . . . ." Commonwealth v. Lavrinenko, 473 Mass. 42, 47 (2015).[3] That is, "[w]e examine the motion judge's conclusion only to determine whether there has been a significant error of law or other abuse of discretion" (quotation and citation omitted). Id.

---

[3] "An admission to sufficient facts to warrant a finding of guilty is treated as a guilty plea for the purposes of a motion for a new trial." Commonwealth v. Scott, 467 Mass. 336, 337 n.1 (2014).

1. Conflict of interest. a. Actual conflict of interest. "[U]nder art. 12, if a defendant establishes an actual conflict of interest, he is entitled to a new trial without a further showing; he need not demonstrate that the conflict adversely affected his lawyer's performance or resulted in actual prejudice." Commonwealth v. Mosher, 455 Mass. 811, 819 (2010). "An actual or genuine conflict of interest, however, must be one in which prejudice is inherent in the situation, such that no impartial observer could reasonably conclude that the attorney is able to serve the defendant with undivided loyalty" (quotation omitted). Id. at 819-820. "Courts frequently consult standards laid out in applicable codes of professional ethics in considering whether an actual conflict exists." Id. at 820 n.19.

Here, the defendant argues his plea counsel labored under an actual conflict of interest, because his plea counsel's prior representation of the victim prevented plea counsel from discovering and investigating criminal charges against the victim to support the defendant's self-defense claim. The claim is unavailing because, to the extent that plea counsel's prior representation presented a potential conflict of interest, it never manifested as an actual conflict of interest. See Mosher, 455 Mass. at 819-823. Discovering the victim's criminal offender record information did not require plea counsel to

3

disclose confidential information he may have received during his representation of the victim nor use any confidential information to discover the victim's prior criminal history. See Mass. R. Prof. C. 1.6, as amended, 490 Mass. 1302 (2022); 1.9 (c), as amended, 490 Mass. 1305 (2022).

The defendant further suggests that plea counsel was aware of a conflict of interest and limited his representation of the defendant only after he already began to investigate the victim's prior criminal charges.  This contention, however, not only is unsupported by the record, but strains credulity where plea counsel relied on the board of probation's report that the victim did not have a criminal record.[4]  It therefore was not an abuse of discretion for the judge to credit plea counsel's account in concluding that there was no actual conflict of interest.  See Lavrinenko, 473 Mass. at 47.

---

[4] While the judge was permitted to conduct an evidentiary hearing to determine whether plea counsel did, in fact, subsequently remember confidential information regarding the victim that he abstained from using or disclosing, we cannot, however, say it was an abuse of discretion for the judge to have concluded that an evidentiary hearing would not have revealed an actual conflict of interest, based on plea counsel's representation by affidavit that he failed to recall his prior representation of the victim and indeed had received no evidence of his representation.  See Commonwealth v. Mercado, 466 Mass. 141, 148 n.8 (2013) ("The decision to hold an evidentiary hearing on a motion for a new trial is a matter committed to the sound discretion of the trial judge" [citation omitted]).

b. Potential conflict of interest. Assuming without deciding that plea counsel's prior representation of the victim presented a potential conflict of interest that prevented his discovery of the victim's prior acts of violence, such a claim would require that the defendant establish that he was prejudiced by the conflict. See Commonwealth v. Saferian, 366 Mass. 89, 96 (1974) (claim of ineffective assistance of counsel requires showing counsel's errors "likely deprived the defendant of an otherwise available, substantial ground of defence"). See also Commonwealth v. Croken, 432 Mass. 266, 272 (2000) (adopting same prejudice standard as Saferian in claims where defendant shows potential conflict of interest). Here the defendant has made no such showing and our review of the record evinces that he was not.

If the defendant were able to examine the victim about specific acts of violence allegedly initiated by the victim in order to support the contention that the victim was the first aggressor, such examination would have permitted the prosecution to rebut the defendant's argument with the defendant's own past acts of violence, to which there were several. See Commonwealth v. Morales, 464 Mass. 302, 310-311 (2013) (defendant's prior acts of violence admissible to rebut evidence of prior acts by victim on first aggressor issue); Commonwealth v. Adjutant, 443 Mass. 649, 650, 664 (2005) (victim's prior acts of violence

5

admissible to support defendant's claim of self-defense that victim was first aggressor if probative value of said evidence outweighs its prejudicial effects); Mass. G. Evid. § 404(a)(2)(B) (2025). Indeed, while plea counsel had assisted the victim in having charges of crimes of violence dismissed in 2011, plea counsel had also previously assisted the defendant in having charges of crimes of violence unrelated to this appeal dismissed in 2019. Because both the victim's and the defendant's prior acts of violence may have been admissible, it is doubtful that presenting evidence of the victim's prior acts of violence would have been to the defendant's advantage, let alone provide a substantial ground of defense.[5] See Morales, supra; Adjutant, supra at 663-664; Saferian, 366 Mass. at 96.

Moreover, the evidence in the underlying case did not support a viable claim of self-defense. Both the defendant's wife, a percipient witness to the offense, and the victim told the responding officers that the defendant struck the victim with a shovel and did not state the victim was armed.[6] The

---

[5] For the same reasons, we affirm the orders denying the defendant's motion for the victim's CARI and the defendant's motion to amend his motion to withdraw his admission to sufficient facts.

[6] Plea counsel averred that the defendant's wife was cooperating with the Commonwealth at the time of plea discussions, noting that the defense strategy of accepting a plea took into consideration that she "had come to court to support [the victim] and to testify for the prosecution."

6

defendant's wife portrayed the defendant as the aggressor, and attributed no aggression or acts of violence to the victim. Although the defendant denied hitting the victim with a shovel, the police recovered a shovel after the defendant's wife showed the police where the defendant hid the shovel in her backyard. The police also reported the victim's injuries as consistent with being hit with a shovel.  We thus discern no prejudice stemming from plea counsel's prior representation of the victim. See Croken, 432 Mass. at 272.

2.  The defendant's PTSD.  "Where an ineffective assistance of counsel claim is brought, 'a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments.'"  Commonwealth v. Tavares, 491 Mass. 362, 366 (2023), quoting Strickland v. Washington, 466 U.S. 668, 691 (1984).  "That is, although trial counsel need not descend into every rabbit hole, he or she 'has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary.'"  Tavares, supra, quoting Strickland, supra.

Here, the defendant asserts that plea counsel was constitutionally deficient because he should have investigated

7

and explained to the defendant that the defendant's PTSD diagnosis could be presented to the court in support of the defendant's self-defense claim.

We first note that plea counsel did indeed present facts about the defendant's PTSD during the admission hearing to the judge, and that the judge was seemingly already familiar with the defendant's mental health issues.  The judge subsequently accepted the defendant's plea recommendation and sentenced him to one year of probation with conditions[7] over the Commonwealth's recommendation of a six-month committed sentence.

Additionally, it was reasonable for plea counsel to have concluded, based on the evidence available, that the defendant's PTSD diagnosis would not have presented a sufficient basis for his self-defense claim.  See Tavares, 491 Mass. at 366-367. Plea counsel appropriately averred that "nothing indicated to [him] that [the defendant] had a PTSD-related incident."  Both counsel and the judge were familiar with the defendant and the types of behavior that had brought him to court on previous occasions.  Plea counsel's decision to recommend tendering a

_____

[7] Namely, that the defendant enter into and complete a Department of Veterans Affairs dual diagnosis residential treatment program, remain drug and alcohol free, and not commit new criminal offenses.

plea without further investigation into the defendant's PTSD diagnosis, was therefore reasonable. Cf. id. at 366-367.

Conclusion. The October 23, 2024 orders denying the defendant's motion to withdraw his admission to sufficient facts, denying the defendant's motion to amend the motion to withdraw admission, and denying the defendant's motion for court activity record information of a witness are affirmed.

So ordered.

By the Court (Desmond,
  D'Angelo & Smyth, JJ.[8]),

Clerk

Entered: April 7, 2026.

---

[8] The panelists are listed in order of seniority.